UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21900-CIV-ALTONAGA/Goodman

**LESSIE GLOVER**,

      Plaintiff,
v.

**LM GENERAL INSURANCE COMPANY**,

      Defendant.
_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court on Defendant, LM General Insurance Company's Motion to Stay [ECF No. 71], filed November 8, 2019. Defendant asks the Court to stay the case pending a decision by the Eleventh Circuit Court of Appeals in *Roth v. GEICO Gen. Ins. Co.*, Case No. 19-11652. Plaintiff, Lessie Glover, filed a Response in Opposition [ECF No. 73] on November 22, 2019, to which Defendant filed a Reply [ECF No. 75] on November 27, 2019. The Court has carefully considered the parties' written submissions and applicable law.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). Finally, in the "interest of judicial economy," courts can "order a stay of [a] proceeding pending the outcome of [an] appeal." *Lozman*

*v. City of Riviera Beach*, No. 08-80134-Civ, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011) (alterations added).

On June 14, 2019, Plaintiff filed an Amended Class Action Complaint for Damages [ECF No. 11] against Defendant alleging a single breach-of-contract claim.[1] (*See generally id.*). Plaintiff alleges Defendant has a practice of refusing to pay full Actual Cash Value ("ACV"), including state and local title transfer and vehicle registration fees, to first-party total loss insureds like Plaintiff. (*See generally id.*). Defendant filed a Motion to Dismiss [ECF No. 24] the Complaint, to which Plaintiff filed an Opposition [ECF No. 32]. In support of her Opposition, Plaintiff relied on *Roth v. GEICO General Insurance Company*, where the court granted summary judgment in favor of the plaintiff-insured, holding "[s]ales tax and title transfer fees are mandatory parts of the replacement cost under the [insurance policy]" and, therefore, the insurer's "failure to pay leased vehicle total loss insureds sales tax . . . and title transfer fees . . . constitute[ed] a breach of contract." No. 16-62942-Civ, 2018 WL 3412852, at *5 (S.D. Fla. June 14, 2018) (alterations added). The defendant-insurer in *Roth* filed an appeal (*see* Notice of Appeal, No. 16-62942 [ECF No. 290]) with the Eleventh Circuit.[2]

Defendant now moves to stay this matter pending the decision in the *Roth* appeal. (*See generally* Mot.). According to Defendant, the issue on appeal is nearly the same as the central question in this case, and a stay will help prevent conflicting rulings and avoid unnecessary burden to the parties and the Court. (*See id.* 2).

Plaintiff points out Defendant argued nearly the opposite in its Motion to Dismiss. (*See*

---

[1] Plaintiff named LM General Insurance Company and Liberty Mutual Insurance Company as Defendants. (*See* Am. Compl. 1). On October 4, 2019, the Court entered an Order [ECF No. 61] dismissing Liberty Mutual Insurance Company. (*See id.* 17).

[2] *See Roth v. GEICO Gen. Ins. Co.*, No. 19-11652 (11th Cir. filed Apr. 25, 2019).

2

Resp. 3–5). Plaintiff states Defendant made clear it considers *Roth* utterly irrelevant because of differences in policy language and argued *Roth* does not control this litigation. (*See id.* 5 (quoting Def.'s Mot. Dismiss 8–9)). According to Plaintiff, who maintains her position *Roth is* persuasive, "the question is not whether *Plaintiff* believes the appellate opinion would be persuasive (or, for that matter, the extent to which this Court will find the opinion persuasive) . . . [but] whether Defendant disagrees." (*Id.* 5 (alterations added; emphasis in original)). Plaintiff also asserts Defendant fails to address the factors that should be considered on a motion to stay[3] and is requesting an impermissible, indefinite stay. (*See id.* 7–9).

In sum, Plaintiff relies on *Roth* to support her merits argument while insisting the Court should not wait for affirmance or reversal of the decision, which may guide the Court's reasoning in this case (*see generally id.*), while Defendant insists *Roth* does not support Plaintiff but simultaneously argues the resolution of the appeal may answer this case's central question (*see generally* Mot.; Reply). Notwithstanding the parties' seemingly inconsistent positions, the Court agrees with Defendant the Eleventh Circuit's decision is likely to provide guidance on the issues presented here. Specifically, the appellate decision may inform the Court whether title transfer fees are necessarily included in a vehicle's "replacement cost," which Plaintiff argues is the same

---

[3] Citing *Powell v. Youfit Health Clubs LLC*, No. 17-cv-62328, 2018 WL 8300529, at *1 (S.D. Fla. Apr. 11, 2018), Plaintiff argues four factors govern the analysis of a motion to stay: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay is in the public interest. (*See* Resp. 3, 7–9). As Defendant notes, the *Powell* court recited, but did not discuss, the foregoing factors. (*See* Reply 3); *see generally* 2018 WL 8300529. And, the case to which *Powell* cites for the standard — *Guirola-Beeche v. U.S. Department of Justice*, 662 F. Supp. 1414 (S.D. Fla. 1987) — considered a request to stay accrual of interest and charges on a delivery bond pending the district court's review of the Immigration and Naturalization Service's decision that the individual plaintiff had breached the bond. *See Guirola-Beeche*, 662 F. Supp. at 1415, 1417–18; *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (reciting four-factor standard in a case where the government sought to stay implementation of the trial court's order pending appellate review of the same).

3

as ACV where ACV is undefined in an insurance policy. (*See* Am. Compl. ¶ 40). Thus, contrary to Plaintiff's argument, the critical question on the Motion to Stay is not whether *Defendant* views *Roth* as persuasive (*see* Resp. 5), but whether the Court may obtain guidance from the Eleventh Circuit. This is particularly critical prior to the certification of any plaintiff-class and further proceedings. (*See* Am. Motion for Class Certification [ECF No. 65]).

Finally, the stay requested is not indefinite. The appeal is fully briefed,[4] and Defendant advises the Eleventh Circuit typically resolves civil appeals within nine and one-half months. (*See* Reply 3). The cases Plaintiff cites regarding timing are inapposite. (*See* Resp. 9–10 (citing *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000), and *Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342 (S.D. Fla. 2018))). In *Ortega*, the court found the requested stay "immoderate" where a related, foreign proceeding, had yet to be tried in the first instance. 221 F.3d at 1264. In *Becker*, the undersigned found the defendant had not put forth "any briefing schedule . . . or the anticipated date of decision" for a similar case before the Eleventh Circuit. 314 F. Supp. 3d at 1346 (alteration added). Here, briefing in *Roth* is complete, and Defendant has provided an estimated date of decision.

Given the impact the decision in the *Roth* appeal is likely to have on this case, the Court is persuaded the prudent course is to stay the action.

Accordingly, to conserve the parties' and judicial resources, it is **ORDERED AND ADJUDGED** as follows:

1. The case is **STAYED** pending the Eleventh Circuit's decision in *Roth v. GEICO General Insurance Company*, No. 19-11652.

---

[4] *Roth v. GEICO Gen. Ins. Co.*, No. 19-11652 (11th Cir. July 2, 2019) (Defendant-Appellant's Brief); *id.* (Sept. 5, 2019) (Plaintiff-Appellee's Brief); *id.* (Oct. 28, 2019) (Defendant-Appellant's Reply Brief).

2. The parties shall provide the Court with status updates regarding the appeal every 60 days beginning **February 3, 2020**.

3. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time.

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 4th day December, 2019.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record